# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ANDREW JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV613-109 |
| | ) | |
| TERESA TUCKER and | ) | |
| MIKE KERNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Andrew Jackson has filed a form 42 U.S.C. § 1983 complaint against Bulloch County officials (a sheriff's deputy and a clerk of court) who, he alleges, "chumped up false papers" (hence, some sort of false prosecution) against him. Doc. 1 at 5. He used a complaint "form to be used by prisoners" (*id.* at 1), yet lists a non-prison address. He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2.

This Court directed Jackson to supply additional IFP information. Doc. 5, *reported at* 2014 WL 851438 (S.D. Ga. Mar 5, 2014). He has responded. Doc. 7. While he arguably has failed to comply by answering each of the Court's interrogatories, he has convinced the Court that he is

indigent, so his IFP motion (doc. 2) is **GRANTED**. However, the IFP statute authorizes courts to dismiss cases *sua sponte* if, *inter alia*, the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The power to *sua sponte* dismiss in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Jackson's complaint is subject to immediate dismissal because he fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). As noted, he is not an inmate but uses a preprinted, 42 U.S.C. § 1983 form complaint to in effect challenge a 2011 conviction from Bulloch County, Georgia. Doc. 1 at 5-6 (citing grand jury defects, and denying he committed the "4 counts of theft by taking 1 count of false enfo." (sic).). He also appears to complain about not being granted bond, nor given a timely hearing on that score. *Id.* He wants specific individuals involved in bringing the charges against him "investigated" and demands that they pay him $2.5 million. *Id.* at 6.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In other words, Jackson cannot use § 1983 as a tool to challenge his conviction, even if he only seeks damages.

Even if Jackson's claims somehow survived the *Heck* bar, it is untimely. An action brought under 42 U.S.C. § 1983 is barred if not brought within two years after the cause of action accrues. *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 346-47 (11th Cir. 2012); *Williams v.*

*City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Jackson's own pleadings show that the events of which he complains are rooted in February, 2011 proceedings, doc. 1 at 5-6, and he did not file this case under December 17, 2013. *Id.* at 1.

Andrew Jackson's § 1983 action should therefore be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 27TH day of March, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA